IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD HORDYCH and<br>LORI HORDYCH | ) ) ) | Civil Action No. 10-16E |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| BOROUGH OF NORTH EAST et al., | ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' "Petition to Enforce Settlement" [Doc. #23]. In support of Defendants' Petition, they have submitted a "Brief in Support of Petition to Enforce Settlement." In response, Plaintiffs have filed an "Answer to Petition to Enforce Settlement" and a "Brief in Opposition to Petition to Enforce Settlement." We need not recite the facts of the case in great detail since both sides are familiar with them.

At issue in the Petition is whether the parties reached an oral agreement to settle the litigation. Essentially the parties disagree as to whether or not they agreed upon one of the essential terms of the agreement, specifically, the contents of a "letter of regret" to be issued to the Plaintiffs by North East Mayor Noreen Tuttle. Defendants contend that Plaintiffs' counsel had the authority to approve, and did approve, the contents of the "letter of regret:"

> The letter [of regret] to be signed by the Mayor of North East Borough was drafted and Attorney Hamilton read the letter over the phone to Attorney Nietupski. Attorney Nietupski instructed Attorney Hamilton to have the Mayor sign the letter and have the Borough process a settlement check in the amount of $500.

Defendants' Petition, p. 2, ¶ 5 (citing Exhibit H, Affidavit of Mark Hamilton, Esquire, ¶¶ 4-9). Plaintiffs argue that their counsel did not agree to the contents of the letter read to counsel over the telephone and did not tell defense counsel to have Mayor Tuttle sign the letter; instead, they contend, plaintiffs' counsel told defense counsel to forward a copy of the letter to him for his clients' approval:

> Defendant's counsel drafted the proposed letter and read it over the phone to Plaintiff's counsel who advised him that he would have to review the letter with his clients and get their approval thereof. On or about June 4, 2009, a copy of the proposed letter was forwarded to Plaintiff's counsel. Plaintiffs rejected the language in the proposed letter and forwarded their proposal to Defendant's counsel, through their counsel, on or about June 29, 2009 . . . .

Plaintiffs' Opposition Brief, p. 4.

Oral settlement agreements are enforceable. The United States Court of Appeals for the Third Circuit has made clear that "[a]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." Green v. John H. Lewis & Co., 436 F.2d 389, 390 (3d Cir. 1970) (citing Good v. Pennsylvania R.R. Co., 384 F.2d 989 (3d Cir.1967); Kelly v. Greer, 365 F.2d 669 (3d Cir.1966); Main Line Theatres, Inc. v. Paramount, 298 F.2d 801 (3d Cir.1962)). "Settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts." D.R. by M.R. v. East Brunswick Bd. of Educ., 109 F.3d 896, 901 (3d Cir. 1997).

To decide whether or not the parties agreed to the contents of the "letter of regret" and therefore, orally agreed to settle the litigation, requires the Court to decide which of two officers of the Court, who have sworn by affidavits to different facts on the same

issue, is the lawyer to believe. We will not choose to believe one lawyer or the other.

As the proponent of the Petition to Enforce Settlement, the burden is on the Defendants to establish that the parties reached an oral agreement to settle the litigation. See Cambria v. Association of Flight Attendants, AFL-CIO, 2005 WL 821082, *1 (E.D. Pa.) (citing Max Control Sys. v. Indus. Sys., 2001 WL 1160760 (E.D.Pa.2001) ("[t]he burden of proof is on the party attempting to assert a settlement agreement."). We find that Defendants have not satisfied this burden. Therefore, Defendants' Petition to Enforce Settlement is denied.

This case will proceed as set forth in the case management orders previously filed in this action unless the parties are able to reach a settlement agreeable to both sides. Counsel should contact the Court if they would like the Court to assist them in settling the case.

An appropriate Order follows:

## **ORDER**

AND NOW, this 28th day of October, 2010, it is HEREBY ORDERED, ADJUDGED, and DECREED that Defendants' Petition to Enforce Settlement [Doc. #23] is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge